MARVIN, Judge.
As beneficiary of an insurance policy on the life of his wife, the husband appeals a judgment rejecting his demands for increased policy proceeds which were provided for accidental death of the insured. The sole issue is whether the record supports the trial court’s finding that the insured committed suicide by shooting herself.
Suicide is an affirmative defense which must be proved by the insurer. CCP 1005, Webster v. New York Life Ins. Co., 160 La. 854, 107 So. 599 (1926); Newdigate v. Acacia Mut. Life Ass’n, 180 La. 979, 158 So. 358 (1934).
*978 Here we have credible witnesses testifying that on more than one occasion between the time the gunshot wound was inflicted (July 9, 1979) and the time of death (July 14, 1979), the decedent, while conscious and rational, stated that she intended to kill herself. Other evidence supports the finding that decedent had been despondent and in ill health and that she had attempted suicide in 1978 and again in the last month of her life by overdosing herself with medication.
When the husband discovered his wife wounded with the pistol laying nearby, he immediately telephoned his then employer-friend that she “has just shot herself ...” and asked for assistance. When the wife’s best friend entered to attend the wife on the floor of the family mobile home, the wife made declarations of her intent. Again in the ambulance on the way to the hospital and later in the hospital, the wife made declarations of her intent. The trial court did not err either in obviously rejecting the testimony of the husband that his wife was not contemplating, and had no reason to commit, suicide, or in weighing the totality of the evidence, even if that evidence be deemed contradictory.
At appellant’s cost, judgment is AFFIRMED.